T.C. Memo. 1995-478


UNITED STATES TAX COURT


DARYL A. NORBLOM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7773-94.                    Filed October 4, 1995.


Daryl A. Norblom, pro se.

Virginia L. Hamilton, for respondent.


MEMORANDUM OPINION


DINAN, Special Trial Judge:    This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

_____

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1992 Federal income tax in the amount of $5,890 and additions to tax under sections 6651(a)(1) and 6654 in the amounts of $1,257 and $241, respectively.

After a concessions by the parties,[2] the issues for decision are: (1) Whether the "wages" received by petitioner are taxable; (2) whether petitioner is liable for the addition to tax for failure to file a return pursuant to section 6651(a) in the amount of $1,257; and (3) whether petitioner is liable for the addition to tax for underpayment of estimated tax pursuant to section 6654 in the amount of $241.

No facts have been stipulated. Petitioner resided in Golden, Colorado, on the date the petition was filed in this case.

In 1992 petitioner worked for Aspen Office Furniture and Denver Post from which he received wages in the amounts of $22,652 and $8,269, respectively. The wages from Aspen Office Furniture were reported on a Form W-2, Wage and Tax Statement, and $863 of Federal income tax was withheld. The wages received from Denver Post were self-employment income, reported on Form-1099, Miscellaneous Income. In addition, petitioner received a taxable State income tax refund from the Colorado Department of

_____

[2] Respondent conceded that the notice of deficiency did not reflect petitioner's withholding of $863. Petitioner conceded that he must include in his gross income a refund of State income tax.

Revenue in the amount of $129.  Petitioner failed to file a 1992 Federal income tax return.

Petitioner testified that he worked for Aspen Office Furniture and Denver Post where he earned "wages" not income during the taxable year.  Petitioner's contention that he had no tax liability is based on various tax protester arguments.

Petitioner is a classic tax protester raising traditional protester arguments.  Such arguments are repeatedly rejected, United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981), and need not be addressed by this Court.  Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984);  Rowlee v. Commissioner, 80 T.C. 1111 (1983); Nieman v. Commissioner, T.C. Memo. 1993-533.

The second issue is whether petitioner is liable for the addition to tax pursuant to section 6651(a)(1).  Petitioner bears the burden of proving that respondent's determination is incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes: (1) The failure did not result from "willful neglect"; and (2) the failure was "due to reasonable cause".  "Willful neglect" has been interpreted to mean a conscious, intentional failure, or reckless indifference.  United States v. Boyle, 469 U.S. 241, 245-246 (1985).  "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed

time.  United States v. Boyle, supra at 246; sec. 301.6651-1(c)(1), Proced. and Admin. Regs.  The addition to tax equals 5 percent of the tax required to be shown on the return for the first month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent.  Sec. 6651(a)(1).

Petitioner testified that he did not file a Federal income tax return for 1992 "because [he] had no tax liability for that year."  Based on the record we find petitioner intentionally failed to file his 1992 Federal income tax return and is liable for the addition to tax pursuant to sections 6651(a)(1).

Finally, we address the issue of the addition to tax for failure to pay estimated income tax under section 6654(a) for the tax year 1992.  This Court stated in Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960):  "This section has no provision relating to reasonable cause and lack of willful neglect.  It is mandatory and extenuating circumstances are irrelevant."  Petitioner has failed to show that he did not underpay his estimated tax.  Accordingly respondent's determination is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.